■ FIFTH AVE. CENTER, LLC, Appellant, v DRYLAND PROPERTIES, LLC, Respondent. [52 NYS3d 39]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 18, 2016, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the cause of action seeking a return of the security deposit, unanimously reversed, on the law, with costs, and the motion denied.

The parties' lease provides that, in the event plaintiff tenant complies with the material terms of the lease, its security deposit will be returned after the date fixed as the end of the lease, i.e., June 12, 2028. Plaintiff alleges that it terminated the lease, or was constructively evicted, due to material breaches by defendant landlord, in 2015. To the extent plaintiff is able to show its entitlement to recover the security deposit in these circumstances, it need not wait until the date fixed at the end of the defunct lease to assert the claim, but may recover the security deposit at the time that the claims between the parties are resolved in this action (*see Meinken v Levinson*, 239 AD 382, 392 [1st Dept 1933]; *Seafeld Realty Corp. v Thomas*, 112 NYS2d 839 [App Term, 1st Dept 1952]). Concur—

Renwick, J.P., Mazzarelli, Manzanet-Daniels, Feinman and Webber, JJ.